

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2009

# USA v. Nobles

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3988

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Nobles" (2009). *2009 Decisions*. Paper 1665.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1665

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3988

———————

UNITED STATES OF AMERICA

v.

SHEAR NOBLES,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civ. No. 07-cr-00029)
District Judge:  Hon. Timothy J. Savage

———————

Submitted under Third Circuit LAR 34.1(a)
on December 11, 2008

Before:  McKEE, SMITH and ROTH, <u>Circuit Judge</u>

(Opinion filed: March 27, 2009)

———————

O P I N I O N

———————

**ROTH,** <u>Circuit Judge</u>:

Shear Nobles appeals the judgment of the United States District Court for the Eastern District of Pennsylvania. For the reasons discussed below, we will affirm.

## I. **Background and Procedural History**

Because the facts are well known to the parties, we will discuss them only briefly here.

On July 17, 2006, Zheng Kun was sitting on a step outside his restaurant. A man, later identified as Nobles, crossed the street and stood near Kun for about ten minutes. The man had covered his face with his shirt as he crossed the street. When a customer entered the restaurant, Kun went in to assist the customer. The man followed. As Kun was going through a second door to the counter area, the man tried to block the door with one hand while holding a gun with the other hand. The door caught the man's hand and the gun. The man turned and ran. Kun saw the man's face as he tried to slam the door.

Other persons there saw what happened and called the police. The police arrived quickly and got a description of the man from Kun and from two other witnesses. One of the police officers found a black ammunition magazine on the floor inside the restaurant.

Five blocks away, two officers in a police car saw a man, matching the description that had been given, walking down the street. The man had a shirt draped over his right hand. One of the officers yelled, "Stop, let me see your hands." The man walked a little further, discarded the shirt and put up his hands. Other police officers found a handgun

on the ground about three feet from where the man had stopped. The handgun was missing its magazine. Kun was brought to the arrest scene and identified the man as the one who attempted the robbery. The magazine found in the restaurant fit into the discarded gun and the ammunition in the magazine matched a round in the chamber of the gun. The man arrested was identified as Nobles.

At a preliminary hearing, Kun identified Nobles as the man who attempted to rob him. Following indictment, Nobles moved to suppress Kun's identification at the time of the arrest as well as the identification at the preliminary hearing. The District Court denied the motion because it found that the identification process did not violate due process and that it was not "unnecessarily suggestive" and did not create a substantial risk of misidentification.

Nobles was indicted for possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). After a two day trial, the jury returned a verdict of guilty. The District Court sentenced Nobles to 180 months of imprisonment and five years of supervised release. Nobles appealed.

Nobles raises two issues on appeal. The first is whether the case must be remanded for a new trial because the District Court erred in admitting allegedly unreliable identification evidence in the out-of-court and in-court identifications. The second issue, raised for preservation purposes, is whether the connection to interstate commerce proven in this case is sufficient to give Congress the power under the Commerce Clause to

criminalize Nobles's alleged possession of the gun.

## II. **Analysis**

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

The analysis for determining the constitutionality of identification procedures is well-settled. First, the defendant must establish that the identification procedure was not unnecessarily suggestive. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). If this element is met, we must then determine, under the totality of the circumstances, whether the identification is reliable, utilizing the five factors enumerated by the Supreme Court in *Neil v. Biggers*, 409 U.S. 188 (1972).

We conclude from our review of the record that the identification procedures used in this case were not unnecessarily suggestive, and thus did not violate Nobles's Fifth Amendment due process rights. *Cf. United States v. Brownlee*, 454 F.3d 131, 135-40 (3d Cir. 2006). Specifically, the manner in which Nobles was presented to Kun immediately after the attempted robbery was not unnecessarily suggestive. Nobles matched the description given by Kun and the other two witnesses, the scene was well lighted and Nobles was not handcuffed. Admission of evidence of a show-up without more does not violate due process. *Manson*, 432 U.S. at 106.

Even if the show-up had been unnecessarily suggestive, Kun's identification fulfills the *Biggers* test for reliability. Kun saw Nobles cross the street, he saw his face in

4

the restaurant, his description of Nobles to the police was accurate, his identification was certain and it was made shortly after the crime. *Biggers*, 409 U.S. at 199-200.

Nobles next challenges the constitutionality of the felon-in–possession statute, 18 U.S.C. § 922(g)(1), primarily to preserve the claim for review by the Supreme Court. He argues that the intrastate possession of a firearm does not have a substantial effect upon interstate commerce and thus does not constitute the basis for a valid exercise of congressional authority under the Commerce Clause. We have already ruled on this precise issue in *United States v. Singletary*, upholding the statute's constitutionality. 268 F.3d 196 (3d Cir. 2001). The same ruling is appropriate in this case.

## III. Conclusion

For the reasons set forth above, we will affirm the judgment of the District Court.

5